His expectations, obviously factored into the terms of sale, were jeopardized by Hess' efforts to remove existing accounts to other companies. I cannot agree he had no protectable business interest simply because his interests were financial rather than in the nature of information.

I join the majority's holding that an assignability provision is necessary for the covenant to be passed from seller to buyer. However, if it is not assignable, it is not necessarily extinguished by the sale; where the seller retains a significant tangible interest in the matters affected by the covenant, I would find the seller retains the right to enforce the covenant, if reasonable.

Mr. Justice CASTILLE joined.

Joan Orsini, John Jacob Hare, Philadelphia, for Peter A. Sinaiko, M.D.

Lise Luborsky, Philadelphia, for PA Property & Casualty Ins. Guaranty Assoc.

Carol Nelson Shepherd, Robert P. Zoller, pro hac vice, for Cynthia & Vincent Lastella.

Before ZAPPALA, C.J., and CAPPY, CASTILLE, NIGRO, SAYLOR and EAKIN, JJ.

## *ORDER*

PER CURIAM.

Appeal dismissed as having been improvidently granted.

Justice NEWMAN did not participate in the consideration or decision of this case.

**Cynthia LASTELLA and Vincent Lastella, h/w, Appellees,**

v.

**Peter A. SINAIKO, M.D., Appellant.**

Supreme Court of Pennsylvania.

Argued May 14, 2002.

Decided Oct. 16, 2002.

personal nature of the covenant in the first place—it is between the contracting parties. This coin has two sides, however. If the

**In the Matter of William B. SPARKS**

**No. 769 Disciplinary Docket No. 3.**

Supreme Court of Pennsylvania.

Oct. 16, 2002.

## *ORDER*

PER CURIAM.

AND NOW, this 16th day of October, 2002, William B. Sparks having been suspended from the practice of law in the State of New Jersey for a period of three months by Order of the Supreme Court of New Jersey dated May 9, 2002; the said

covenant is truly personal to Hoaster, his ability to enforce it survives the sale.